LILES, A. C. J.
(concurring specially).
Appellant, Guy Martin, was charged along with one John V. Gordy, Jr., of the crime of robbery. They were tried for the crime and the jury found the appellant, Guy Martin, innocent. Subsequently, Martin was tried for conspiracy and was found guilty. He brings this appeal and urges that the trial and conviction of conspiracy constituted double jeopardy. In the trial of the charge of robbery, the trial judge charged the jury on the crime of conspiracy also and the evidence adduced at the trial for robbery is virtually the same evidence used to convict the appellant of conspiracy.
I reluctantly admit that Ashe v. Swenson, 1969, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469, is governing in this situation. I simply wish to express my utter and unequivocal disagreement with both the logic and the conclusion reached in that decision.
The court in Ashe came up with a rather novel application of “collateral estop-pel” and applies it in criminal cases and then attempts to define it as “when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.” They then go on, as was pointed out in Chief Justice Burger’s dissenting opinion, to change double jeopardy to mean the “same evidence” rather than the “same offense.” I share with Justice Burger in his fear that our next step will be that when one defendant murders two people at the same time it will be double jeopardy to try him for the murder of both victims at different trials.
I am forced to concur in the conclusion reached by Judges MANN and McNULTY hut I am likewise forced to point out some of the pitfalls contained in the logic of Ashe v. Swenson, supra.